IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-05244-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

RUBEN OCAMPO VALDEZ,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,

Respondent.

---

**REVISED ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES**

---

Petitioner, a detainee at an immigration detention facility in Aurora, Colorado, has filed *pro se* a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1)[1] and paid the filing fee. As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court has determined that the document is deficient as described in this order. Petitioner will be directed to cure the following if he wishes to pursue any claims in this action. Any papers that Petitioner files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) __ is not submitted
(2) __ is missing affidavit
(3) __ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) __ is missing certificate showing current balance in prison account
(5) __ is missing required financial information
(6) __ is missing authorization to calculate and disburse filing fee payments

[1] "(ECF No. 1)" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic filing system (CM/ECF).

(7) __ is missing an original signature by the prisoner
(8) __ is not on proper form
(9) __ names in caption do not match names in caption of complaint, petition or habeas application
(10) __ other:

**Complaint, Petition or Application**:
(11) __ is not submitted
(12) __ is not on proper form: must use the current court-approved form for the District of Colorado
(13) __ is missing an original signature by the prisoner
(14) __ is missing page nos.
(15) __ uses et al. instead of listing all parties in caption
(16) __ names in caption do not match names in text
(17) __ addresses must be provided for all defendants/respondents in “Section A. Parties” of complaint, petition or habeas application
**(18) _X_ other: Petitioner’s sole claim is that his detention without a bond hearing violates the Fifth Amendment and the Immigration and Nationality Act but he states that bond was denied at a hearing held on October 1, 2026. Petitioner must address this inconsistency and/or assert a different claim challenging his detention.**

In filing a cured application, Petitioner is informed that the Court is precluded from reviewing an Immigration Judge’s discretionary decision to deny bond under 8 U.S.C. § 1226(a). See 8 U.S.C. § 1226(e) (“No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.”). *See also Osvaldo Evandro Lopes De Carvalho v. George Valdez*, No. 26-cv-01737-PAB, 2026 WL 2225483, at *2 (D. Colo. Aug. 3, 2026) (“If a habeas petitioner is being detained under § 1226(a) and has been provided a bond hearing, the Court is precluded from reviewing an immigration judge's discretionary decision to deny bond under [§ 1226(e)]”); *Pedro*

*Alejandro Vila Diaz v. Juan Baltazar*, Civil Action No. 26-cv-00517-NYW, 2026 WL 1649019, at *4 (D. Colo. June 8, 2026) (the Court cannot “serv[e] as an appellate court over an IJ’ s bond decision” by reviewing the merits of the bond hearing”) (citing *Quiroz Zacarias v. Mullin*, Civil Action No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026)).

However, the Supreme Court has distinguished between an individualized discretionary bond determination, which § 1226(e) forecloses from review, and a legal or constitutional challenge to the statutory framework or process used to reach that determination, which is not foreclosed from review. *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018); *Demore v. Kim*, 538 U.S. 510, 517 (2003). The Court thus “has jurisdiction under 28 U.S.C. §§ 2241 and 1331 to consider whether the process petitioner received— notice, opportunity to present evidence, a reasoned decision, and other process due in this context— was constitutionally adequate.” *Osvaldo Evandro Lopes De Carvalho,* 2026 WL 2225483, at *2.

Accordingly, it is

ORDERED that Petitioner cure the deficiency designated above **within thirty (30) days from the date of this order**. Any papers that Petitioner files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Petitioner shall obtain (with the assistance of his case manager or the facility’s legal assistant) the current court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, along with the applicable

instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Petitioner fails to cure the designated deficiency by the deadline, the action may be dismissed without further notice. The dismissal shall be without prejudice.

DATED October 19, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge